# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

LACIES DEVELOPMENT CORP.,

**Plaintiff**,

v.

**Civil No.** 15-1610 (FAB)

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for
DORAL BANK,

**Defendant.**

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Defendant Federal Deposit Insurance Corporation, as receiver for Doral Bank ("Doral") ("FDIC-R") moves to dismiss plaintiff Lacies Development Corporation ("Lacies")'s complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) ("Rule 12(b)(1)"). (Docket No. 8.)  For the reasons set forth below, the Court **GRANTS** the FDIC-R's motion to dismiss the complaint with prejudice. (Docket No. 8.)

## I. Background

In October 2013, Lacies commenced a civil action in the Puerto Rico Court of First Instance, Caguas Division, against Doral and other defendants.  (Docket No. 6, Ex. 1 at pp. 1 and 4.)  While the action was pending, the Office of the Commissioner of Financial Institutions closed Doral and appointed the FDIC as Doral's

receiver on February 27, 2015.  (Docket No. 1 at p. 1.)  FDIC-R "succeeded to all of Doral's rights, titles, powers, privileges, assets, and liabilities, including Doral's interests and status as a party in this pending action."  Id. at pp. 1-2 (citing 12 U.S.C. § 1821(d)); see O'Melveny & Myers v. FDIC, 512 U.S. 79, 86 (1994) (holding that pursuant to the language of 12 U.S.C. § 1821(d)(2)(A) the FDIC "steps into the shoes" of a failed institution).

On May 1, 2015, the FDIC-R notified Lacies that proofs of claim for consideration were to be submitted to it no later than June 4, 2015.  (Docket No. 8, Ex. 1 at p. 5.)  The FDIC-R removed the action to this Court on May 20, 2015.  (Docket No. 1.)  On June 8, 2015, the Court stayed the case "until September 8, 2015 or for 60 days after the disallowance of claims, whichever date [came] first," in order "[t]o allow the parties to exhaust the administrative remedies allowed by the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA)."  (Docket No. 5.)

On August 16, 2018, the FDIC-R moved to dismiss Lacies' complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  (Docket No. 8 at p. 1.)  According to the FDIC-R, "the plaintiff[] did not file a Proof of Claim by the bar date and . . . over three (3) years have passed since the removal was filed, without the plaintiff[] having filed a claim."  Id. at p. 3.  Lacies did not oppose the FDIC-R's motion.

**II. Legal Standard**

A party may move to dismiss an action for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction is properly invoked when a plaintiff asserts a colorable claim "arising under" the United States Constitution or federal law. 28 U.S.C. § 1331; Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (internal citation omitted). "Generally, a claim arises under federal law within the meaning of section 1331 if a federal cause of action emerges from the face of a well-pleaded complaint." Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998) (internal citations omitted).

In considering a Rule 12(b)(1) motion, the Court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (internal citations omitted). Federal courts are courts of limited jurisdiction, Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003), and a court "ha[s] the duty to construe [its] jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (Besosa, J.) (internal citations omitted). The party asserting jurisdiction carries the burden of showing the existence of federal jurisdiction. Viqueira, 140 F.3d at 16 (internal citations omitted).

**III. FIRREA Review Process**

FIRREA sets forth a statutory claims process "designed to create an efficient administrative protocol for processing claims against failed banks." Marquis v. FDIC, 965 F.2d 1148, 1154 (1st Cir. 1992). Pursuant to the review process, the FDIC is required "to publish notice that the failed institution's creditors must file claims with the FDIC by a specified date, which must be at least ninety days after publication of the notice." Acosta-Ramírez v. Banco Popular de P.R., 712 F.3d 14, 19 (1st Cir. 2013) (citing 12 U.S.C. § 1821(d)(3)(B)(i)); FDIC v. Kane, 148 F.3d 36, 38 (1st Cir. 1998).

If a timely claim is filed, the FDIC must decide whether to approve or disallow the claim within 180 days. Acosta-Ramírez, 712 F.3d at 19 (citing § 1821(d)(5)(A)(i)); Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. 1995). "Claimants then have sixty days from the date of disallowance or from the expiration of the 180-day administrative decision deadline to seek judicial review in an appropriate federal district court (or to seek administrative review)." Acosta-Ramírez, 712 F.3d at 19 (citing 12 U.S.C. § 1821(d)(6)(A)). Once the sixty-day period expires, "such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." Id. at n.8 (citing 12 U.S.C. § 1821(d)(6)(B)).

FIRREA restricts "the jurisdiction of courts [from] hear[ing] certain claims where the plaintiff has not complied with the statutory claims process" in 12 U.S.C. § 1821 ("section 1821"). Acosta-Ramírez, 712 F.3d at 19.  Section 1821(d)(13)(D) provides that:

> Except as otherwise provided in this subsection, *no court shall have jurisdiction over*—
>
> (i)  any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D) (emphasis added).  "[T]he failure . . . to comply with the sixty-day requirement to seek judicial review of the denial of [] administrative claims also deprives courts of jurisdiction."  Acosta-Ramírez, 712 F.3d at 20.  Consequently, "[c]ompliance with and exhaustion of the administrative procedure is mandatory."  FDIC v. Sánchez-Castro, No. 15-1954, 2016 WL 4257336, at *2 (D.P.R. 2016) (García-Gregory, J.) (citing Marquis, 965 F.2d at 1151).  If a claimant fails to comply with the review process, no court has subject-matter jurisdiction to hear the case.  See, e.g., Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. 1995) ("Section 1821(d)(13)(D)(i) bars all claims against the assets of a failed

financial institution which have not been presented under the administrative claims review process ('ACRP') . . . [f]ailure to comply with the ACRP deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution."); Wujick v. Dale & Dale, Inc., 43 F.3d 790 (3rd Cir. 1994) ("Since the state court also lacked subject matter jurisdiction for the same reason, a remand by the district court would be a vacuous act.  We will therefore direct the district court to dismiss the claims against RTC."); Meliezer v. RTC, 952 F.2d 879, 882-883 (5th Cir. 1992) (holding that "section 1821(d)(13)(D) clearly establishes a statutory exhaustion requirement . . ." and because plaintiffs "failed to exhaust the administrative remedies as directed by FIRREA; the district court lacked subject matter jurisdiction over their claims."); Bueford v. RTC, 991 F.2d 481, 485 (8th Cir. 1993) ("Every court that has considered the issue has found exhaustion of FIRREA's administrative remedies to be a jurisdictional prerequisite to suit in district court.").

A court should dismiss claims with prejudice where claimants fail to exhaust the review process.  See, e.g., FDIC v. Estrada-Colón, 848 F. Supp. 2d 206, 212-13 (D.P.R. 2012) (Delgado-Colón, J.); FDIC v. Estrada-Rivera, 813 F. Supp. 2d 265, 269-79 (D.P.R. 2011) (Gelpí, J.); FDIC v. Negrón-Ocasio, No. 15-1888, 2016 WL

3920173 (D.P.R. July 18, 2016) (Delgado-Hernández, J.); FDIC v. Navarro-López, No. 15-1914, 2016 WL 3461204 (D.P.R. June 21, 2016) (Delgado-Hernández, J.).

**IV. Discussion**

The FDIC-R argues that Lacies' complaint should be dismissed for failure to comply with the review process. (Docket No. 8 at pp. 3-8.) The FDIC-R contends that compliance with section 1821's review process is a "prerequisite to subject matter jurisdiction," and "[a]s of the filing of this motion, in fact, no claim has been received from . . . the plaintiff[], resulting in automatic disallowance." Id. at p. 5. The FDIC-R concludes that because the review process is mandatory, Lacies' noncompliance warrants dismissal of the complaint. The Court agrees.

The FDIC satisfied its statutory duties to notify Lacies of its receivership. See 12 U.S.C. § 1821. The FDIC assumed its position as receiver to Doral on February 27, 2015 and sent notification to Lacies on May 1, 2015, therefore complying with the 90-day publishing requirement pursuant to § 1821(d)(3)(B)(i). See Docket No. 8, Ex. 1 at p. 5; 12 U.S.C. § 1821(d)(3)(B)(i).[1]

Lacies, however, failed to file a proof of claim. "[A]ll parties asserting claims against failed institutions" must comply

---

[1] Lacies does not contest that the FDIC met the 90-day publishing requirement pursuant to section 1821(d)(3)(B)(i).

with the review process.  Marquis, 965 F.2d at 1151.  Because Lacies did not file a proof of claim by June 4, 2015, it failed to exhaust the mandatory review process.[2]  Consequently, the Court has no jurisdiction to hear Lacies' complaint.  See Acosta-Ramírez, 712 F.3d at 19.

**V.  Conclusion**

For the reasons set forth above, the FDIC-R's motion to dismiss Lacies' complaint (Docket No. 8) is **GRANTED**.  The complaint is **dismissed with prejudice**.  Judgment shall be entered accordingly.  Because the Commonwealth Court also lacked subject matter jurisdiction for the reasons set forth in this Memorandum and Order, a remand by this Court to the Commonwealth Court would be a vacuous act.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 5, 2018.

> s/ Francisco A. Besosa
> FRANCISCO A. BESOSA
> UNITED STATES DISTRICT JUDGE

---

[2] Lacies also does not contest its failure to file a proof of claim or exhaust the review process.